JASON KULLER
Nevada Bar No. 12244
Of Counsel
**RAFII & ASSOCIATES, P.C.**
3753 Howard Hughes Pkwy, Unit 200
Las Vegas, Nevada 89169
Telephone: 725.245.6056
Facsimile: 725.220.1802
Email: jason@rafiilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY BROWN,<br><br>    Plaintiff,<br>    v.<br><br>ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 2:23-cv-01653-GMN-BNW<br><br>**RULE 26(f) REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff GREGORY BROWN ("Plaintiff") by and through his counsel of record, the RAFII & ASSOCIATES, P.C., and Defendant ADVANCE STORES COMPANY, INC., ("Defendant") by and through its counsel of record, JACKSON & LEWIS P.C., jointly submit and stipulate to the following Stipulated Discovery Plan and Scheduling Order:

**1.** **Meeting:** The parties participated in the Rule 26(f) and LR 26-1(a) conference on November 6, 2023. Jason Kuller, Esq. participated on behalf of Plaintiff. Joshua Sliker, Esq. participated on behalf of Defendant.

**2.** **Initial Disclosures:** The parties have stipulated that they will make their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before November 20, 2023. At this time, the parties do not believe that any changes are necessary as to the timing, form, or requirement of disclosures under Rule 26(a).

/ /

**3.     Discovery Plan**

A.     **ESI Discovery and Disclosures:** The parties do not, at this time, anticipate any issues regarding disclosures, discovery, or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production of ESI, and meet and confer should any dispute arise.

B.     **Discovery Limits and Protections:** At this time, the parties do not anticipate the need for an order to issue for limitation or protection under Fed. R. Civ. P. 26(b) or 26(c). Should a matter arise during discovery that alters one or more parties' position, the parties agree to meet and confer in good faith in an attempt to stipulate to any appropriate limitation or protection.

C.     **Methods of Discovery:** Discovery may be taken on the claims and defenses alleged in this case to the extent permitted by the Federal Rules of Civil Procedure. The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure. The parties stipulate that each party may propound a total of forty (40) Requests for Production in accordance with Fed. R. Civ. P. 34, and forty (40) Requests for Admissions in accordance with Fed. R. Civ. P. 36.

D.     **Discovery Cut-off date:** LR 26-1(b)(1) requires all discovery to be completed within one hundred eighty (180) days from the date on which the first answering Defendant answers or appears. Defendant filed its Answer on November 1, 2023. ECF No. 12. The parties have agreed to a discovery cut-off date of **April 29, 2024**, in compliance with this Rule.

E.     **Amended the Pleadings and Adding Parties:** The parties shall have until **January 30, 2024**, to file any motions to amend pleadings or to add parties. This is ninety (90) days prior to the discovery cut-off.

F. **Expert Disclosures:** The parties shall disclose their initial expert witnesses to each other by **February 29, 2024**, which is sixty (60) days before the discovery cut-off date. Rebuttal expert witnesses shall be disclosed no later than **April 1, 2024** which is thirty-two (32) days after the initial date for disclosure of experts. The thirtieth day before the close of discovery falls on Saturday, March 30, 2024, a non-judicial day, and therefore, the deadline has been advanced to the next judicial day in accordance with Fed. R. Civ. P. 6(a)(1).

G. **Dispositive Motions:** The parties shall have until **May 29, 2024**, to file dispositive motions, which is thirty (30) days after the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days from the subsequent discovery cut-off date.

H. **Joint Pre-Trial Order:** In the event no dispositive motions are filed, the parties shall submit a proposed pre-trial order on or before **June 28, 2024**, which is thirty (30) days after the dispositive motion deadline. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

I. **Pre-Trial Disclosures:** The parties shall make the pre-trial disclosures required by FRCP 26(a)(3) at least thirty (30) days before trial. Objections to pre-trial disclosures shall be made no later than fourteen (14) days thereafter.

**4.** **Alternative Dispute Resolution:** This matter is currently scheduled for an Early Neutral Evaluation for January 3, 2024 at 10:00 a.m. In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using additional alternative dispute resolution processes beyond the ENE, but no agreement has been reached. The parties will continue to evaluate opportunities for alternative dispute resolution.

**5.** **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and to Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) and agree that none of the foregoing are appropriate for this case.

**6.** **Electronic Evidence:** The parties certify that they have discussed whether the parties intend to present evidence in electronic format to jurors for the purposes of jury deliberation. Although not known at this time which exhibits will be electronically presented, the parties shall provide discovery in an electronic format compatible with the Court's electronic jury evidence display system. The parties shall contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence system.

**7.** **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

**8.** **Consent to Electronic Service:** The parties have agreed that, to the extent not served through ECF (e.g., filings under seal, unfiled discovery, notices, and other communications), the parties will effectuate service via email or other electronic means in lieu of other service methods, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance of the party to be served. If transmission of voluminous materials as an email attachment is impractical, those materials shall be sent via a secured link.

**9.** **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine

4
**RULE 26(f) REPORT**

or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

10. **Later Appearing Parties:** A copy of this Discovery Plan and Scheduling Order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This Discovery Plan and Scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

| | |
|---|---|
| Dated this 20th day of November, 2023. | Dated this 20th day of November, 2023. |
| JACKSON LEWIS, P.C. | RAFII & ASSOCIATES, P.C. |
| */s/ Joshua A. Silker* **(w/ Joshua Silker's permission)** | */s/ Jason L. Kuller* |
| Joshua A. Silker, Esq. | Jason L. Kuller, Esq. |
| Nevada Bar No. 12493 | Nevada Bar No. 12244 |
| 300 S. Fourth Street, Suite 900 | 3753 Howard Hughes Pkwy, Unit 200 |
| Las Vegas, Nevada 89101 | Las Vegas, Nevada 89169 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  11/21/2023

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2023, I caused service of a true and correct copy of the foregoing *26 (f) REPORT* to be made by the CM/ECF E-File and Serve System upon all parties registered to use this service, and listed as service recipients herein, in accordance with Fed.R.Civ.P. 5 and LR 5-1:

Joshua A. Sliker, Esq.
Thomas W. Maroney, Esq.
JACKSON LEWIS P.C.
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101
*Attorneys for Defendant*

                                       */s/ Paola Najera-Garcia*
                                       An employee of RAFII & ASSOCIATES, P.C.



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS